IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bobby Stanley Mansel, ) | Civil Action No. 6:08-0003-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| America.s Second Harvest et al., ) | |
| Peter Dunn, Chairman, Vicki B. ) | |
| Escarra, President & CEO; Carol ) | |
| Garrity, FieldService Director; Mark ) | |
| Biewald, Field Service Manager; South ) | |
| Carolina Food Bank Association; Barry ) | |
| Forde, President; Harvest Hope; Denise ) | |
| Holland; Second Harvest of Metrolina; ) | |
| Kay Lambert; Golden Harvest Food ) | |
| Bank, Michael Firmin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on the defendants' various motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), (5), & (6). [Docs. 19, 21, 22, 50.] In his Complaint, the plaintiff has pled a single cause of action, pursuant to Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, *et seq*., against the numerous defendants.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The facts of this case, as averred by the plaintiff and taken in a light most favorable to him, are not many and will be discussed within the context of the Court's legal discussion below.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

As stated, the plaintiff has pled a single cause of action, pursuant to Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, *et seq*., against the numerous defendants. (Compl. at 7.) Specifically, he requests "equal protection under title [sic] VI of the 1964 civil rights act, title 42-health & welfare, . . . prohibition against exclusion from participation in denial of benefits, and discrimination under federally assisted program on grounds of race, color or national origin." *Id*. Section 601 of Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. To state a claim for damages under Title VI, the plaintiff must show that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal assistance. *See Grimes v. Superior Home Health Care*, 929 F. Supp. 1088, 1092 (M.D. Tenn.1996). The defendants have advanced a variety of bases for dismissal of the Complaint. The Court is compelled principally by one. Namely, the plaintiff's claim, as stated in his Complaint, is not cognizable under Title VI.

As an initial matter, the plaintiff's relationship to the defendants in this case, and the defendants' relationships to each other, are not well explained in the Complaint. While the defendants have given some background information in their motions to dismiss,[1] the Court is constrained to look no further than those representations found in the plaintiff's Complaint, viewed in a light most favorable to him, to resolve the motions.

The relevant facts as recited in the Complaint are as follows. The plaintiff alleges that he was appointed the Executive Director of The Community Food Bank of the Piedmont ("CFBP") by its Board of Directors. (Compl. at 7.) He further claims that he was

---

[1] A thorough explanation of the relationships between the defendants and other relevant entities, as alleged by the defendants, can be found at page 1-3 of Harvest Hope's Renewed Motion to Dismiss. [Doc. 50.] The Court will not recite them here because they are outside of the Complaint.

3

"authorized to contact" Defendant America Second Harvest ("ASH") to (1) inform it of his appointment as Executive Director and (2) discuss the "membership" (presumably of CFBP) in ASH and "the United States Department of Agriculture (USDA) The Emergency Food Assistance Program." *Id*.

When the plaintiff contacted ASH, however, he was allegedly informed that ASH would only recognize a Larry Buchanan, a white male, as the Executive Director of CFBP, and would not recognize the plaintiff. *Id*. The plaintiff claims that even after CFBP's Board of Directors terminated the employment of Larry Buchanan, ASH still refused to recognize the plaintiff as the Executive Director of CFBP. *Id*. Without any more explanation in the Complaint, the plaintiff contends that, as a result of this continued rejection by ASH, "membership was terminated in both America Second Harvest and South Carolina Food Bank Association ["SCFBA"]." *Id*. The plaintiff further contends that ASH's actions resulted in the "loss of participation" in the federal Emergency Food Assistance Program ("TEFAP"), 7 U.S.C. § 612(c).

As stated, the precise relationships, associations, and "memberships" of the various parties are not further detailed in the Complaint. It appears from the Complaint, however, that the plaintiff worked for a local food bank, CFBP, and was appointed its Executive Director. CFBP apparently had, or made application for, membership in two larger food bank associations, ASH and SCFBA. CFBP's access to the federal assistance provided by TEFAP is apparently contingent upon its membership in ASH and SCFBA, which was denied and/or terminated. Although it is a lean set of facts, the Court finds that no additional information is necessary to conclude that the Complaint must fail as a matter of law.

Notwithstanding the condition of the Complaint, it can purport of only two possible readings, either of which fail to state a claim under Title VI such that relief cannot be granted. The plaintiff has intended one or both of the following claims: (1) a claim for

4

employment discrimination, insofar as he was not recognized as the Executive Director of CFBP, or (2) a claim on behalf of himself and/or CFBP for injury to that entity – namely, the termination of its membership in the associations of the Defendants ASH and SCFBA.  In either case, the claims are not permissible.

If the plaintiff intended an employment discrimination suit, that claim is not cognizable under Title VI.  Specifically, to the extent the plaintiff is complaining either (a) that his promotion to Executive Director has not been recognized by the defendants, based upon unlawful race discrimination by his "employers,"[2] or (b) that such a lack of recognition by ASH has indirectly injured either his employment status with CFBP, as its Executive Director, or related employment benefits, such claims cannot be brought pursuant to Title VI.  In either case, Title VI simply may not be used as a vehicle to vindicate discriminatory employment practices.  *See* 42 U.S.C. § 2000d-3.

Section 604 of Title VI expressly provides as follows:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency **with respect to any employment practice of any employer, employment agency, or labor organization** except where a primary objective of the Federal financial assistance is to provide employment.

42 U.S.C. § 2000d-3.

Although Section 604 on its face only appears to curtail the authority of federal departments and agencies, the Fourth Circuit Court of Appeals has expressly concluded that it also restricts private causes of actions against employers for discriminatory employment practices.  *See Trageser v. Libbie Rehab. Center, Inc.*, 590 F.2d 87, 89 (4th Cir.1978) *abrogated on other grounds by Consolidated Rail Corp. v. Darrone*, 465 U.S. 624 (U.S. 1984) (concluding that same limitation does not exist for Title IX).  The court stated in *Trageser* that "Title VI does not provide a judicial remedy for employment discrimination

---

[2] There is no allegation that either AHS or SCFBA is the plaintiff's actual employer.  Based on the defendants' representations, they are not.

5

by institutions receiving federal funds unless (1) providing employment is a primary objective of the federal aid, or (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid." *Id*.

This has been the conclusion of other circuit courts of appeal as well. *See Reynolds v. School Dist. No. 1, Denver, CO.*, 69 F.3d 1523, 1531 n.8 (10th Cir.1995); *Temengil v. Trust Territory of the Pacific Islands,* 881 F.2d 647, 653 (9th Cir.1989); *Association Against Discrimination v. City of Bridgeport*, 647 F.2d 256, 276 (2d Cir.1981); *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672, 674-75 (8th Cir.1980) *abrogated on other grounds by Consolidated Rail Corp.*, 465 U.S. 624 (concluding that same limitation does not exist for Title IX).

These decisions have been based, in part, on implications made by the United States Supreme Court in *Consolidated Rail Corp.*, 465 U.S. 624, 636-37; *North Haven Board of Education v. Bell*, 456 U.S. 512, 528-30 n. 20 (1982) (Section 604 was added to indicate, or at least clarify, a limitation on the class of beneficiaries of Title VI); and *Johnson v. Transportation Agency, Santa Clara County, California*, 480 U.S. 616, 626-27 n.6 (1987) (Congress added Section 604 because of its concern that the receipt of any form of financial assistance might render an employer subject to the commands of Title VI rather than Title VII) – that such  employment suits by a private citizen are impermissible.

In this case, the plaintiff contends that he was discriminated against because he was not "recognized" as the Executive Director of CFBP after being so appointed by its board of directors.  (Compl. at 7.)  He further complains that CFBP lost membership in the AHS and SCFBA, which presumably, had other effects on his employment status and related benefits. *Id*.  If by these averments he intended an employment discrimination suit, it must be dismissed as his only claim has been made pursuant to Title VI, which excludes such suits from its purview.

As stated, the plaintiff could only bring such a claim if (1) providing employment is the primary objective of the TEFAP or (2) discrimination in employment necessarily causes discrimination against the "primary beneficiaries" of that program. *Trageser*, 590 F.2d at 89. He has alleged neither instance. The plaintiff does not contend that the defendants receive federal financial assistance for the specific purpose of employment – to wit, job placement. In fact, the Complaint contains enough facts to clearly indicate that the federal financial assistance is for the purpose of distributing food and not for employment. (Compl. at 7; *see also* discussion *infra*.) The plaintiff has also failed to allege any facts that, if proven, would establish him as a "primary beneficiary" of any federal assistance. *See Trageser*, 590 F.2d at 89. The Court will discuss this point in greater detail below. Accordingly, any claim for discriminatory employment practices or for injury to any benefits incident to his employment are not appropriate under Title VI.

The plaintiff, however, may not have intended an employment discrimination suit at all. He may be complaining principally about the termination of CFBP's membership in ASH and the SCFBA, and the effect of that termination on him and/or CFBP.[3] *Id*. Specifically, he states that the termination of "membership" resulted in the "loss of participation in" TEFAP, a federal program. (Compl. at 7.) This interpretation of the plaintiff's Complaint also would fail as a matter of law.

First, to the extent he contends that the termination of CFBP's membership somehow prohibited *his* "participation in . . . any program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d, he is mistaken. Title VI makes unlawful only discrimination against the "intended," or "***the primary beneficiaries*** of federal aid." *Trageser*, 590 F.2d at 89 (emphasis added); *Azteca Enterprizes, Inc. v. Dallas Area Rapid Transit,* 31 Fed. Appx. 839, 839 (5th Cir. 2002); *see also National Assoc. for the Adv. of*

---

[3] In fact, that is what the background information provided by the defendants would suggest. [Doc. 50 at 1-3.]

7

*Colored People v. Medical Center, Inc.*, 599 F.2d 1247, 1252 (3d Cir.1979) ("Being beneficiaries of government supported programs and facilities, plaintiffs are clearly 'persons' for whose 'especial benefit' Title VI . . . [was] enacted."). The plaintiff is not the primary or intended beneficiary of TEFAP.

The website of the United States Department of Agriculture indicates "TEFAP is a Federal program that helps supplement the diets of low-income needy persons, including elderly people, by providing  them with emergency food and nutrition assistance."  *See* http://www.fns.usda.gov/fdd/programs/tefap/pfs-tefap.pdf.  Further, "[t]he TEFAP program provides funds to states to pay the administrative costs incurred in distributing federal surplus commodities such as cheese, cornmeal and rice.  These commodities are distributed by state public agencies or nonprofit emergency feeding organizations." *Mid-Ohio Food Bank v. Lyng*, 670 F. Supp. 403, 404 n.1 (D.D.C. 1987); *see also* 7 U.S.C. § 612(c); 7 CFR § 251.1.

Accordingly, low-income, meal and nutrition assistance recipients, and not the plaintiff, an employee of a state-affiliated food bank that distributes such meals and information, are the "primary beneficiaries of the federal aid" provided by TEFAP.  *See Trageser*, 590 F.2d at 89.  So even to the extent the defendants have acted in a discriminatory manner against the plaintiff, he can seek no recourse under Title VI because he is not an intended or primary beneficiary of that program.

The Court suspects that it is even doubtful whether CFBP is an intended beneficiary of TEFAP.  But even if CFBP is a primary beneficiary of TEFAP, the plaintiff has no standing to assert its rights as his own.  An individual, even a corporate head, does not have standing to assert alleged wrongs to a corporation.  *See Audio Odyssey, Ltd. v. Brenton First Nat. Bank*, 245 F.3d 721 (8th Cir. 2001) ("It is well established that a shareholder or officer of a corporation cannot recover for legal injuries suffered by the corporation."); *Simmons v. Chesapeake & Potomac Tel. Co. of Va.*, 1987 WL 36164, at *1

8

(4th Cir. 1987) ("An officer or stockholder may not sue for a corporation's injury."). Under South Carolina law, where the loss is to the entity, "the liability is an asset of the corporation, ordinarily remediable by *a suit in the name of the corporation*." *Ward v. Griffin*, 367 S.E.2d 703, 704 (S.C. Ct. App.1988) (emphasis added).

But even if the plaintiff somehow had standing to bring suit on behalf of CFBP, that is not what he has, in fact, done. Instead, he requests one hundred and fifty million dollars ($150,000,000.00), not for CFBP, but for himself. (Compl. ¶ 7.) He is not the intended beneficiary of the TEFAP and he has no right to seek redress, awardable to him, for any wrong done to the CFBP.

There is no construction of the Complaint that would ever allow the plaintiff to recover under Title VI. Accordingly, the case should be dismissed.

## II.    Individual Defendants

As an additional basis, the plaintiff's Complaint against all of the individual defendants, including, Peter Dunn, Vicki B. Escarra, Carol Garrity, Mark Biewald, Barry Forde, Denise Holland, Kay Carter, and Michael Firmin, must be dismissed because individuals are not subject to suit under Title VI. "To the extent Plaintiff attempts to bring a Title VI claim against the individual Defendants, those claims are dismissed because the proper Defendant in a Title VI case is an entity rather than an individual." *Ruffin v. Nicely*, 2007l WL 2710720, at *4 n.5 (M.D. Tenn. September 14, 2007); *see also Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir.1996) ("Plaintiff's claim also fails because she asserts her claim against Lawson and Weaver and not against the school, the entity allegedly receiving the financial assistance."); *Kelly v. Rice*, 375 F. Supp. 2d. 203, 208 (S.D.N.Y. 2005) ("[T]he proper defendant in a (Title VI) case is the entity that receives federal financial assistance, not an individual."); *Powers v. CSX Transp., Inc.*, 105 F. Supp. 2d 1295, 1311 (S.D. Ala. 2000).

9

## II.    Personal Jurisdiction and Service of Summonses

The defendants also contend that this case must be dismissed because the plaintiff has not served summonses upon them.  It is true that a failure to serve the summons and complaint on a defendant deprives the Court of personal jurisdiction over the same.  As the United States Supreme Court has observed, "In the absence of service of process . . . a court ordinarily may not exercise power over a party the Complaint names as a defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US. 344, 350 (1999) (citations omitted).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital IntL Ltd. v. Rudolf Wolff and Co.*, 484 US. 97, 104 (1987) *superseded by statute on other grounds*. Rules 12(b)(2), (4), & (5) of the Federal Rules of Civil Procedure would provide for dismissal where the Court lacks personal jurisdiction or where process or its service were insufficient. Fed. R. Civ. P. 12(b)(2), (4), & (5).   Since the filing of the first three motions to dismiss [Docs. 19, 21, 22], however, summonses for all of the defendants have been issued [Docs. 33-45].  Defendants Harvest Hope and Denise Holland have conceded that this argument, at least as to them, is now moot since the plaintiff has now perfected proper service. [Doc. 50 at 1 n.2.]  The plaintiff has further submitted proof of service of all 13 summonses. [Doc. 55 ¶ 9.]  Accordingly, the arguments as to jurisdiction and service, as currently presented by the defendants, are moot.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motions to dismiss [Docs. 19, 21, 22, 50] should be GRANTED.

s/Bruce H. Hendricks
United States Magistrate Judge

March 20, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11