IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bobby Stanley Mansel,                       )<br>                                                          )<br>                          Plaintiff,       )<br>                                                          )<br>                                                          )<br>                                                          )<br>                                                          )<br>                                                          )<br>              vs.                               )<br>                                                          )<br> America Second Harvest et al.,         )<br> Peter Dunn, Chairman, Vicki B.        )<br> Escarra, President & CEO; Carol       )<br> Garrity, FieldService Director; Mark   )<br> Biewald, Field Service Manager; South )<br> Carolina Food Bank Association; Barry )<br> Forde, President; Harvest Hope; Denise )<br> Holland; Second Harvest of Metrolina; )<br> Kay Lambert; Golden Harvest Food     )<br> Bank, Michael Firmin,                        )<br>                                                          )<br>                          Defendants.    )<br> _____ ) | Civil Action No. 6:08-0003-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  This matter is before the Court on the motions to dismiss of America Second Harvest, Peter Dunn, Vicki B. Escarra, Carol Garrity, Mark Biewald, Second Harvest of Metrolina, Kay Carter, and South Carolina Food Bank Association pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Docs. 62, 66, 92.]  In his Complaint, the plaintiff has pled a single cause of action, pursuant to Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, *et seq.*, against the numerous defendants.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Court has previously entered a report and recommendation in this case recommending to the district court that the motions to dismiss of Barry Forde, Denise Holland, Harvest Hope, Golden Harvest Food Bank, and Michael Firmin [Doc. 19, 21, 22, 50] be granted. [See Doc. 56.] Although the motions of only some but not all of the named defendants were before the Court at that time, it was the purpose of the recommendation to dismiss the entire case: "There is no construction of the Complaint that would ever allow the plaintiff to recover under Title VI. Accordingly, the case should be dismissed." [Doc. 56 at 9.] Notwithstanding, the Court enters this companion report and recommendation for the purposes of clarification.

The Court has reviewed the (1) newly filed motions to dismiss; (2) the plaintiff's objections to the report and recommendation filed with the district court [Doc. 68]; and (2) his responses to each of the newly filed motions to dismiss [Docs. 83, 101]. The plaintiff has made no argument that would persuade the Court to amend, modify, or renege upon its original recommendation. Accordingly, the entirety of that recommendation is incorporated into this present report by specific reference and for the reasoning contained therein it remains the recommendation of this Court that this case be dismissed *with prejudice* as to all defendants involved.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motions to dismiss [Docs. 62, 66, 92] should be GRANTED and the case dismissed *with prejudice*.

    s/Bruce H. Hendricks
    United States Magistrate Judge

July 31, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).