IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bobby Stanley Mansel, ) | |
| ) | |
| Plaintiff, ) | C/A NO. 6:08-0003-RBH |
| ) | |
| vs. ) | |
| ) | |
| America's Second Harvest et al., ) | **ORDER** |
| Peter Dunn, Chairman, Vicki B. Escarra, ) | |
| President & CEO; Carol Garrity, ) | |
| Field Service Director; Mark Biewald, ) | |
| Field Service Manager; South Carolina ) | |
| Food Bank Association; Barry Forde, ) | |
| President; Harvest Hope; Denise Holland; ) | |
| Second Harvest of Metrolina; Kay Carter; ) | |
| Golden Harvest Food Bank, Michael Firmin,) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff initiated this action on January 2, 2008. The Complaint purports to allege a cause of action based upon Title VI, 42 U.S.C. § 2000d, *et seq*. Defendants Barry Forde[1]; Harvest Hope and Denise Holland[2]; and Michael Firmin and Golden Harvest Food Bank[3] filed Motions to Dismiss on the basis of Fed. R. Civ. P. 12(b)(6) and other subsections of the Rule. On March 13, 2008, defendants Harvest Hope and Denise Holland filed a Renewed Motion to Dismiss indicating that the Rule 12(b)(4) and 12(b)(5) grounds of its motion were moot due to the fact that service was properly effected, but renewing the motion to dismiss on the basis of Rule 12(b)(6).

---

[1] Docket Entry # 19

[2] Docket Entry #21

[3] Docket Entry #22

1

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g).  In her Report, Magistrate Judge Hendricks recommends that the defendants' motions to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that the plaintiff's claim is not cognizable under Title VI.  Plaintiff filed objections to the Report on March 28, 2008.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### **Allegations of the Complaint**

The plaintiff alleges in his Complaint that he is a black male who serves as Executive Director of the Community Food Bank of the Piedmont and who was authorized by the Food Bank to contact defendant, America's Second Harvest. He further alleges that he was told by defendant Biewald that Second Harvest only recognized the interim director, a white male, and that this was confirmed by defendant, Garrity, the Field Services Director, and other individual defendants named in the Complaint.  Additionally, he alleges that the employment of the white male was

subsequently terminated but that Second Harvest persisted in its refusal to "grant Mr. Mansel a hearing and acceptance." Finally, he alleges that as a result of his rejection by Second Harvest, "membership was terminated in both America Second Harvest and South Carolina Food Bank Association." "The action taken by South Carolina Food Bank association and its member listed above as defendant and America Second Harvest resulted in discrimination . . . and the loss of participation in The Emergency Food assistance Program (TEFAP). He requests "equal protection under title VI of the 1964 civil rights act, title 42-the health & welfare, subchapter v-federal assisted programs, section D, prohibition against exclusion from participation in denial of benefits, and discrimination under federally assisted program on grounds of race, color or national origin."

In response to Special Interrogatories from the Magistrate Judge, the plaintiff indicates that he has filed a complaint with the USDA and attaches a letter dated December 4, 2007 from the Civil Rights Office of the USDA to "Stan Mansel, Community Food Bank of the Piedmont" stating that his complaint will be forwarded to the Southeast Regional Office for investigation." (Docket Entery #10-2). Plaintiff further indicates that he does not know the status of the investigation.

**Report and Recommendation**

The Magistrate Judge found that the Complaint could either be construed as attempting to allege employment discrimination in connection with not being recognized as the executive director of Community Food Bank of the Piedmont or attempting to make a claim on behalf of himself or the food bank regarding the termination of its membership in Second Harvest and South Carolina Food Bank Association. She recommends a finding that neither interpretation of the complaint states a claim under Title VI. She also recommends a finding that the individual defendants must be dismissed because they are not proper parties under Title VI.

3

**Legal Standard**

Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and which gives the defendant "fair notice of what the claim is and the grounds upon which it rests." *Anderson v. Sara Lee Corp.*, 508 F.3d 181,187, citing *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

**Analysis**

The plaintiff has made various general objections to the Magistrate's Report. Without specific objection to the Magistrate Judge's reasoning, it is not necessary for the Court to discuss the conclusion reached by the Magistrate Judge any further. *See* 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). However, the Court will address what appear to be the plaintiff's objections since he is proceeding *pro se.*

At the outset, the Court notes that in an affidavit filed after the entry of the Report, the plaintiff indicates that his claim is for racial discrimination under Title VI "with no reference to employment." (*See* Docket Entry #103). Therefore, it appears that the plaintiff has indicated that he did not intend to allege employment discrimination. This is consistent with the fact he has not

4

alleged that his employer has engaged in any discrimination against him. His complaint, on the other hand, appears to focus on actions by other food banks and not on any allegedly discriminatory actions by his employer. The Court will accordingly construe the plaintiff's claim, not as alleging employment discrimination, but as a claim on behalf of himself or the Community Food Bank of the Piedmont (CFBP) for injury to CFBP in connection with the termination of its membership in the food bank associations.

*Objection One*. Plaintiff alleges that he has "filed a valid claim" for race discrimination "as accepted by the USDA." Plaintiff references a letter from the Chairman of the Board of Directors of the Community Food Bank of the Upstate which acknowledges that Plaintiff is its Executive Director; that "he does not represent the Community Food Bank of the Upstate in any legal matters that is related to The Community Food Bank of the Upstate nor any criminal or civil matters no more than as an employee hired by Board of Directors as directed by the By-Laws." The letter further states that "the Community Food Bank of the Upstate recognizes the rights of any citizen including employees of The Community Food Bank of the Upstate to represent themselves in legal matters as Pro Se Litigants or with legal representation in accordance with applicable state and federal guidelines. . ." Plaintiff also attaches the minutes of a Board of Directors meeting dated December 20, 2007, which states that the TEFAP complaint "should be filed next month. Stan stated that he would be filing as a pro se litigant guaranteed under the constitution. Further, Stan stated that he would update the Board when completed."(Docket Entry #68-4).

Section 601 of Title VI provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. "The policy of this statute, a person's right to be free of invidious discrimination in federally assisted programs, is contained in many statutes." *Joy v. Daniels*, 479 F.2d 1236, 1241 (4th Cir. 1973). "The problem confronting Congress was discrimination against Negro citizens at the hands of recipients of federal moneys." *Regents of the University of California v. Bakke*, 439 U.S. 265, 285 (1978). In introducing Title VI, Representative Celler, the Chairman of the House Judiciary Committee, stated:

> The bill would offer assurance that hospitals financed by Federal money would not deny adequate care to Negroes. It would prevent abuse of food distribution programs whereby Negroes have been known to be denied food surplus supplies when white persons were given such food . . . It would, in short, *assure the existing right to equal treatment* in the enjoyment of Federal funds.

*Id.*, 439 U.S. at 285-286.

The United States Supreme Court has recognized an implied private cause of action for victims of intentional discrimination under Title VI where the private litigants have standing. *See Cannon v. University of Chicago*, 441 U.S. 677 (1979). Many courts have added a judicially imposed element that the plaintiff must be an "intended beneficiary" of the statute in order to maintain a suit if he is not an applicant or participant in a federally funded program. *See, e.g., Azteca Enterprizes, Inc. Dallas Area Rapid Transit*, 31 Fed. Appx. 839 (5th Cir. 2002). In fact, an unpublished Fourth Circuit case, *Ingram v. Morgan State University*, 1996 U.S. App. LEXIS 457 (4th Cir. 1996) affirmed a district court grant of a motion to dismiss for lack of standing and pursuant to Rule 12(b)(6) on the basis that "appellant has not alleged that the Defendants receive federal financial assistance for the primary purpose of employment or that she was the intended beneficiary of any such assistance." 74 F.3d 1232, 1996 WL 13861 (4th Cir. 1996), *citing Soberal-*

*Perez v. Heckler*, 717 F.2d 36, 38 (2nd Cir. 1983). In *Soberal-Perez*, the Second Circuit found that Congress intended in enacting Title VI that the statute apply to "programs and activities involving three parties: a federal agency, a state or local intermediary administering the program, and an ultimate beneficiary." *Id.* at 39. "Because Title VI is intended to ensure that 'no person' is subject to discrimination in federally assisted programs, private parties function as third-party beneficiaries to these contracts." *Id*. at 40, *citing Guardians Association v. Civil Serv. Comm'n of New York*, 463 U.S. 582, 633 (1983)(Dissent by Justice Marshall). Some courts have found that a plaintiff need only be in the zone of interests sought to be protected by Title VI. *See Bogdan v. Housing Authority of the City of Winston-Salem*, 2006 WL 3848693 at *6 (M.D.N.C. 2006)("This court, therefore, will allow Plaintiff's claim so long as he has a logical nexus to a federally funded program; meaning that he is either an intended beneficiary, an applicant, or a participant.")

If the plaintiff in the instant case is attempting to bring a claim on behalf of his employer, the letter upon which he relies by its very terms does not give him such standing. Therefore, he is not a participant, applicant, or intended beneficiary of a food bank which is the recipient of federal funds. Nor does he have the authority to sue on behalf of the corporation by operation of law, as an officer or stockholder of a corporation cannot assert a claim individually on behalf of the corporation. *Simmons v. Chesapeake & Potomac Tel. Co. of Va.*, 809 F.2d 786, 1987 WL 36164 (4th Cir. 1987)(Lawsuit pursuant to 42 U.S.C. §§ 1983 and 1981 by a black woman who was the President and shareholder of a corporation dismissed because "an officer or stockholder may not sue for a corporation's injury. . . Thus, Simmons has no individual standing to sue for any work lost by the corporation due to any allegedly discriminating practice by C& P.") If the plaintiff is attempting to bring suit under Title VI individually, he has not alleged that he personally was

denied benefits under any program or any injury suffered by himself individually; he has only alleged injury to the corporation and accordingly lacks standing.[4]  Moreover, as argued by the defendants, in order to participate in TEFAP, it is necessary to be an "eligible recipient agency" under 7 C.F.R. § 251.3. Plaintiff, as an individual, cannot participate in TEFAP and thus could not have been denied the right to participate in a federally-assisted program. He also has not alleged that he was a low-income or needy individual who was denied access to food as an intended beneficiary of the program.  *See* http://www.fns.usda.gov/fee/prgrams/tefap/pfs-tefap.pdf: "TEFAP is a Federal program that helps supplement the diets of low-income needy persons, including elderly people, by providing them with emergency food and nutrition assistance." Finally, as noted above, even if Plaintiff is arguably within the zone of interests sought to be protected by Title VI, he has not alleged any injury other than that of the corporation.  Accordingly, he lacks standing.

***Objection two.***  Plaintiff next asserts that the USDA has determined that he has a case, based upon the December 4, 2007 letter indicating that his complaint would be forwarded to the Southeast Regional Office for investigation.  However, the fact that the USDA may be investigating the matter does not establish that the plaintiff has alleged a claim under Title VI but in fact raises questions as to whether the plaintiff has exhausted his administrative remedies.  *See* 42 U.S.C. § 2000d-1; Executive Order No. 12250, Nov. 2, 1980, 45 F.R. 72995; 7 C.F.R. § 15.11.

---

[4] Pertinent parts of the plaintiff's complaint state: "America Second Harvest's representatives denied Bobby Stanley Mansel as **The authorized representative of the CFBP and refused to grant Mr. Mansel a hearing and acceptance**. The results of Bobby Stanley Mansel's rejection by America Second Harvest as the new Community Food Bank of The Piedmont Executive Director, membership was terminated in both America Second Harvest and South Carolina Food Bank Association.  The action taken by South Carolina Food bank association and its member listed above as defendant and America Second Harvest resulted in discrimination, reprisal, retaliation, and due process denial and the loss of participation in The Emergency Food Assistance Program (TEFAP)."

8

*Objection three*.  In this objection, the plaintiff appears to be challenging the recommended dismissal of the individual defendants.   However, he has cited no legal authority for his position other than to cite the court to the Enron and Home Gold cases, in which officers of a company were held liable for criminal acts. This argument lacks merit.

*Objections four, five, and six.*  These objections lack merit for the reasons argued by the defendants.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge.  The defendants' motions to dismiss (docket entry numbers 19, 21, 22, and 50) are **GRANTED**.

**AND IT IS SO ORDERED.**

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Court Judge

September 5, 2008
Florence, South Carolina